**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **VERONICA CORTEZ** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.**_____ |
| | § | **JURY TRIAL** |
| **CITY OF GREGORY;** | § | |
| **CELESTINO ZAMBRANO,** *Individually*; | § | |
| **and PABLO MARTINEZ,** *Individually* | § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Veronica Cortez (hereinafter "Plaintiff"), filing this her *Plaintiff's Original Complaint*, complaining of City of Gregory, Celestino Zambrano and Pablo Martinez (hereinafter collectively "Defendants"), showing in support of same as follows:

**I.**
**JURISDICTION AND VENUE**

1.      Plaintiff brings this action for compensation involving constitutional violations, defamation and violations of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"). Plaintiff asserts claims against Defendants for violations of her constitutional and civil rights as guaranteed by the United States Constitution and Title VII, thereby invoking the federal question jurisdiction conferred upon this Court by 28 U.S.C. § 1331.

2.      Defendants were substantially in control of the terms of Plaintiff's work and was Plaintiff's employer as defined by 29 U.S.C. §203(d).

3.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendants are residents of and are doing business in said District.

## II.
## PARTIES

4.      Plaintiff is an individual residing in San Patricio County, Texas.

5.      Defendant, City of Gregory, Texas, (hereinafter "City") is a political subdivision of the State of Texas, and may be served with summons via City's Mayor, to wit: Celestino Zambrano, at 206 W. Fourth St., Gregory, Texas 78359.

6.      Defendant Celestino Zambrano (hereinafter "Zambrano") was at all times material to this suit employed by the City of Gregory. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law and were committed during his employment and authority with the City of Gregory. Zambrano may be served with citation at his residence, at 509 E. Fourth Street, Gregory, Texas 78359.

7.      Defendant Pablo Martinez (hereinafter "Martinez") was at all times material to this suit employed by the City of Gregory. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and were committed during his employment and authority with the City of Gregory. Martinez may be served with citation at his residence, at 305 Encino, Gregory, Texas, 78359.

## III.
## STATEMENT OF FACTS

8.      Plaintiff was employed as the City Secretary for the City of Gregory from April 2011, through June 5, 2017, when her employment was terminated as part of a separation agreement with the City.

9.      On or about November 14, 2016, Plaintiff filed her first charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") in Charge No. 451-2017-00458. While the EEOC charge was pending, Plaintiff filed suit against City of Gregory, Mayor

Celestino Zambrano and Councilmember Christine Zambrano for constitutional violations. In an attempt to settle all of Plaintiff's earlier claims, the parties attended two mediations related to the EEOC charge and the lawsuit. The first mediation was unsuccessful and the second mediation resulted in a settlement agreement between the parties, which was entered into on June 5, 2017. Pursuant to the settlement agreement, Plaintiff was discharged on June 5, 2017.

10.     Thereafter, beginning on or about July 24, 2017, the City of Gregory's Mayor pro tem, Pablo Martinez, who is an employee/representative of the City – with the consent of Mayor Celestino Zambrano and the City Council – published defamatory statements about Plaintiff to the media. Specifically, Plaintiff was accused of charging tens of thousands of dollars in "questionable purchases" on the business credit card issued to her by the City. The truth is that all of the purchases Plaintiff charged were made in the scope of her employment with permission and authorization by the Mayor and the City Council, and the purchases were made only pursuant to official City business. Although there seem to be some unauthorized purchases mentioned – such as a room at the Omni Hotel, cash advances and dry cleaning – those "questionable purchases" were not made by Petitioner or with the credit card she was issued.

11.     An investigation into the purchases in question would reveal that Plaintiff could not possibly have made the "questionable purchases" and the City, City Council, Mayor and Mayor pro tem have all conspired to allow and issue defamatory statements about Plaintiff to the media. In fact, the former Chief of Police, Robert Meager, also had a business credit card but Defendants did not bother to investigate his use of the card or blame any of the questionable charges on him – even though his integrity was clearly in question when Defendants discovered Meager had masturbated at work in front of an employee. Meager was even fired for his improper and unethical behavior, but no one ever investigated to see if he was the one who made the charges Plaintiff was

blamed for. In short, and for whatever reason, Defendants seem intent on badmouthing and defaming Plaintiff for actions they know full-well she did not do.

12.     The untrue statements published by the media injure Plaintiff's reputation and will continue to injure her reputation and expose her to public hatred, contempt, ridicule, financial injury, and impeach her honesty and integrity. It is clear that the defamatory statements were made and published in retaliation against Plaintiff for filing a charge of discrimination.

## IV.
## COUNT ONE:
## RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e

13.     Plaintiff was treated adversely as a result of complaining about discrimination when her former employer made false and defamatory statements to the media in retaliation for having engaged in protected conduct, including the filing of a charge of discrimination with the Commission.

14.     In doing the acts set forth above, Defendants acted intentionally, and with a conscious disregard of Plaintiff's rights to equal employment opportunities. Defendants have acted, and continues to act, with a reckless disregard of their obligations under the law. Defendants' conduct, as alleged herein, was and is despicable, malicious and oppressive.

## V.
## COUNT TWO:
## STATE CLAIM – DEFAMATION

15.     Plaintiff asserts this state claim for defamation against only Zambrano and Martinez in their individual capacities and not against the City. Plaintiff asserts Zambrano and Martinez made and authorized statements which constitute defamation and/or defamation *per se* because the statements tended to injure Plaintiff's reputation and expose her to public hatred, contempt, ridicule, and financial injury, impeach her honesty and integrity, and accuse her of committing a

4

crime. The defamatory statements set forth above are false. The false and defamatory statements set forth above were made by Defendants Martinez and Zambrano who negligently or intentionally failed to ascertain the truth. Defendants either knew or should have known in the exercise of ordinary care that the statements were false. Defendants published the defamatory statements to a third-party. All of the persons who heard or read the defamatory statements understood that they referred to Plaintiff. Defendants published the defamatory statements with knowledge that they were false or with substantial grounds for knowing that they might be false and with reckless disregard to whether they were true or false. Defendants were acting with malice when they made each of the statements about Plaintiff.

## VI.
## COUNT THREE:
## VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS
## PURSUANT TO 42 U.S.C. §§1983 AND 1988 VIOLATION OF
## FIRST AMENDMENT SPEECH RIGHTS BY ALL DEFENDANTS

16.    By and through her Original Complaint, Plaintiff pleads that City maintains a pattern and practice of depriving persons, including Plaintiff, of their rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

17.    By and through her Original Complaint, Plaintiff pleads that all Defendants retaliated against her in violation of the First Amendment to the United States Constitution because she engaged in free speech regarding matters of public concern: misconduct by City, Celestino Zambrano and Pablo Martinez. Plaintiff avers that her free speech was a motivating or substantial factor in Defendants' retaliatory conduct toward her.

18.    By and through her Original Complaint, Plaintiff pleads that Defendants retaliated against her in violation of the First Amendment to the United States Constitution because Defendants, jointly and severally, retaliated and/or conspired to retaliate against her because she engaged in

protected free speech.

19.     By and through her Original Complaint, Plaintiff pleads that all Defendants denied her procedural due process under the laws in violation of the Fourteenth Amendment to the United States Constitution.

20.     By and through her Original Complaint, Plaintiff pleads that all Defendants violated her substantive due process rights in violation of the Fourteenth Amendment to the United States Constitution and that at all relevant times hereto, they were deliberately indifferent to Plaintiff's civil rights.

## VII.
## EXHAUSTION OF REMEDIES

21.     Prior to filing this suit, Plaintiff timely filed a Charge of Discrimination that was dually filed with the City of Corpus Christi Human Relations Commission and the Equal Opportunity Employment Commission, on October 10, 2017, alleging retaliation. On April 26, 2018, the EEOC mailed to Plaintiff her Dismissal and Notice of Rights, which she received on April 30, 2018. Plaintiff has satisfied all administrative prerequisites to this suit and has exhausted all conditions precedent with regard to the EEOC.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court allow her to recover the following:

a.     all direct damages;

b.     consequential and incidental damages, which may include the value of lost income for advancements, lost salary income for future employment, and whatever else may be proven during the course of litigation;

c.     compensatory and non-compensatory damages, whether general or special, in an amount deemed sufficient by a trier of fact;

d.     an additional sum representing the present value of unaccrued wage payments, front pay, and all other compensation due to Plaintiff for the period following the date of judgment,

6

calculated as of the date of judgment;

e.  an award for past pain and suffering;

f.  an award for future pain and suffering;

g.  an award for past mental anguish;

h.  attorney fees in a reasonable amount together with conditional awards in the event of appeal;

i.  court costs, including the costs of litigation;

j.  because of the callous, willful, recklessly indifferent, malicious, wanton, grossly negligent and/or intentional conduct or acts of Defendants, Plaintiff seeks exemplary damages;

k.  pre-judgment interest and post judgment interest, at the maximum rate as allowed by law; and

l.  any other relief that the Court deems necessary.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

By: */s/ Amie Augenstein*
   **Amie Augenstein**
   Texas Bar No. 24085184
   Southern District Bar No. 2236723
   Amie@GaleLawGroup.com
   *Attorney-in-Charge for Plaintiff*
   **Christopher J. Gale**
   Texas Bar No. 00793766
   Southern District Bar No. 27257
   Chris@GaleLawGroup.com
   *Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 38(b).

7